**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-280-FDW**
**(3:05-cr-421-FDW-DCK-1)**

| | |
|---|---|
| **TROY R. WASHINGTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ———————————————————— ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the

reasons stated herein, the Section 2255 petition will be dismissed.

**I. BACKGROUND**

On March 20, 2007, Petitioner was convicted of Possession of Materials Mailed,

Shipped, or Transported in Interstate of Foreign Commerce, Depicting Minors Engaged in

Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). (Criminal Case No.

3:05cr421, Doc. No. 22: Judgment). On December 7, 2007, the Fourth Circuit Court of Appeals

affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v.

Washington, 257 F. App'x 605 (4th Cir. 2007). Petitioner did not file a petition for writ of

certiorari with the U.S. Supreme Court. Petitioner placed the § 2255 petition in the prison

mailing system on December 25, 2012, and it was stamp-filed on January 1, 2013.[1]

---

[1] The petition has been signed by petitioner under penalty of perjury. See Rule 2(b)(5),
Rules Governing § 2255 Proceedings. Petitioner originally filed his petition in the Eastern
District of North Carolina as one pursuant to 28 U.S.C. § 2241. That court recharacterized the §
2241 petition as a § 2255 petition, provided petitioner with a Castro notice of such

1

In the § 2255 petition, Petitioner asserts that he was denied due process when his sentenced was based on an enhancement that is barred under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See (Doc. No. 1).

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law, and without a response from the Government. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

recharacterization, and transferred the § 2255 petition to this district by Order dated May 8, 2013. See (Doc. No. 4). Inasmuch as the petition was originally filed as a § 2241 motion, Petitioner does not specifically address the timeliness of the petition.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, on December 7, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Petitioner's conviction, therefore, became final ninety days later on March 6, 2008, when the time for filing a petition for writ of certiorari with the Supreme Court expired. See Clay v. United States, 537 U.S. 522 (2003); see also Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). The one-year limitations period then ran for 365 days and expired on March 6, 2009. Petitioner placed the § 2255 petition in the prison mailing system on December 25, 2012, and it was stamp-filed on January 1, 2013. Therefore, the § 2255 petition is untimely.

The Court further finds that, in any event, even if the petition were timely, the petition is frivolous because Petitioner is not entitled to Simmons relief. Here, Petitioner pled guilty to and was convicted of Possession of Materials Mailed, Shipped, or Transported in Interstate of Foreign Commerce, Depicting Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The only impact Petitioner's prior state court convictions had on his sentence were in the calculation of his criminal history, and whether the prior state court convictions resulted in sentences that exceeded one year did not affect the length of his sentence

in this Court.[2]   In other words, <u>Simmons</u> is simply not implicated.   Furthermore, Petitioner's

sentence of 120 months was below the statutory maximum sentence allowed; thus, he is not

entitled to relief under § 2255 regardless of the applicability of <u>Simmons</u>.  <u>See</u> <u>United States v.</u>

<u>Pregent</u>, 190 F.3d 279, 283-84 (4th Cir. 1999) (§ 2255 does not apply to errors in the application

of the Sentencing Guidelines, absent a showing of exceptional circumstances, as § 2255 only

provides for relief in cases in which the sentence exceeded the statutory maximum).  In sum, in

addition to being time-barred, Petitioner's claim is facially frivolous and is subject to dismissal

on the merits.

## IV.    CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is dismissed

because it is untimely and, in any event, it is without merit.[3]

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and petition is

        **DISMISSED**.

2.       **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

        Governing Section 2255 Cases, this Court declines to issue a certificate of

        appealability as Petitioner has not made a substantial showing of a denial of a

---

[2]  Petitioner received a total of three points, and only two of those points were related to felony convictions.  <u>See</u> (Criminal Case No. 3:05cr421, Doc. No. 31: Presentence Investigation Report). As to each of those North Carolina felony convictions, Petitioner received suspended sentences of 19-23 months.

[3]  The Court is aware of the Fourth Circuit's directive in <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it.  Here, a <u>Braxton</u> warning is not necessary because, even if the petition were not time-barred, it would still be subject to dismissal on the merits because Petitioner is simply not entitled to <u>Simmons</u> relief.

constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322,

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a

constitutional right).


Signed: May 16, 2013


Frank D. Whitney
United States District Judge